Eugene J. Egan (State Bar No. 130108)
    *eje@manningllp.com*
Gabriella Pedone (State Bar No. 308384)
    *gap@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, TARGET
CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VARDAN GRIGORYAN, an individual,<br><br>       Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION, a corporation, and DOES 1 to 20, inclusive,<br><br>       Defendant. | Case No.<br><br>(State Case No. 22STCV6366)<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b)1 (DIVERSITY); DECLARATION OF GABRIELLA A. PEDONE** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT defendant TARGET CORPORATION (hereinafter, "Target" or "Defendant") hereby removes to this Court the state court action described below.

1.    On August 15, 2022, an action was commenced in the Superior Court of the State of California in an for the County of Los Angeles County, entitled VARDAN GRIGORYAN, an individual, Plaintiff vs. TARGET CORPORATION and DOES 1 through 10, inclusive, Defendants , as Case Number 22STCV6366 (the "Action"). A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit "A."**

Case No.

MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP Attorneys at Law

2.     Target was first served a copy of the Complaint on August 16, 2022. A true and correct copy of the Proof of Service of Process is attached hereto as **Exhibit "B."**

3.     Plaintiff was, at the time she filed the Action and still is, a citizen of the State of California.

4.     On September 15, 2022, Target filed and served its Answer to the Complaint, Demand for Jury Trial with the California Superior Court. A true and correct copy of Target's Answer to Complaint, Demand for Jury Trial is attached hereto as **Exhibit "C."**

5.     On March 4, 2022, Plaintiff sent his demand letter demanding "the full policy limit on Target Corporation's policy in exchange for a full and final settlement of all of his claims related to the above-referenced incident which occurred on November 8, 2020."   A true and correct copy of Plaintiff's demand letter is attached hereto as **Exhibit "D."**

6.     Target's insurance limits above its self-insured retention is $2,000,000.

7.     Plaintiff's demand of Target's policy limit of $2,000,000.00. surpasses the jurisdictional amount in controversy minimum of $75,000

8.     Target is informed and believes that Plaintiff was, at the time he filed the Action, and still is a citizen of the State of California

9.     This removal is timely and was filed within thirty (30) days of receipt by Defendant, of a copy of Plaintiff's Demand, and within the time limit for Defendant to file its removal. This is Defendant's first opportunity to timely remove this case,  from when it was first ascertained that the case is one which is or has become removable.

10.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that this is

2

Case No.

1  a civil action between citizens of different states and the matter in controversy

2  exceeds the sum of $75,000.00, exclusive of interest and costs.

3        11.    Target is the only named defendant; the other defendants in this

4  action are fictitiously named, designated as DOES 1 to 10, and their citizenship

5  shall not be considered in determining diversity jurisdiction. 28 U.S.C. §1446(b).

6        12.    Target Corporation was, at the time of the filing of this action, and still

7  is, a citizen of the State of Minnesota, incorporated under the laws of the State of

8  Minnesota, with its principal place of business in the State of Minnesota. Both the

9  California Secretary of State and Minnesota Secretary of State identify Target

10  Corporation as a Minnesota Corporation with its principle address at 1000 Nicollet

11  Mall, Minneapolis, Minnesota 55403 on their respective websites. True and

12  correct copies of search results for Target Corporation on those websites are

13  attached hereto as **Exhibit "E."**

14        11.    Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process,

15  pleadings, and orders sent to and received by Target in the State Court action are

16  attached hereto.

17

18  DATED:  September 15, 2022      **MANNING & KASS**

19                              **ELLROD, RAMIREZ, TRESTER LLP**

20

21                      By:       /s/ Gabriella Pedone

22                              Eugene J. Egan

23                              Gabriella Pedone
                            Attorneys for Defendants, TARGET
                            CORPORATION

24

25

26

27

28

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

Case No.

## DECLARATION OF GABRIELLA A. PEDONE

I, Gabriella A. Pedone, declare as follows:

1.     I am an attorney duly admitted to practice in the courts of the State of California and am an attorney with Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendant TARGET CORPORATION. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. I make this declaration in support of Defendant's Notice of Removal of Action Under 28 U.S.C. §1441(b)1 (diversity).

2.     On August 15, 2022, an action was commenced in the Superior Court of the State of California in an for the County of Los Angeles, entitled VARDAN GRIGORYAN, an individual, Plaintiff vs. TARGET CORPORATION and DOES 1 through 10, inclusive, Defendants , as Case Number 22STCV6366 (the "Action"). A true and correct copy of Plaintiffs Complaint is attached hereto as **Exhibit "A."**

3.     Target was first served a copy of the Complaint on August 16, 2022. A true and correct copy of the Proof of Service of Process is attached hereto as **Exhibit "B."**

4.     Plaintiff was, at the time she filed the Action and still is, a citizen of the State of California.

5.     On September 15, 2022, Target filed and served its Answer to the Complaint, Demand for Jury Trial with the California Superior Court. A true and correct copy of Target's Answer to Complaint, Demand for Jury Trial is attached hereto as **Exhibit "C."**

6.     On March 4, 2022, Plaintiff sent his demand letter demanding "the full policy limit on Target Corporation's policy in exchange for a full and final settlement of all of his claims related to the above-referenced incident which occurred on November 8, 2020."  A true and correct copy of Plaintiff's demand letter is attached hereto as **Exhibit "D."**

7.     Target's insurance limits above its self-insured retention is $2,000,000.

8.     Plaintiff's demand of Target's policy limit of $2,000,000.00 surpasses the jurisdictional amount in controversy minimum of $75,000

9.     Target is informed and believes that Plaintiff was, at the time he filed the Action, and still is a citizen of the State of California.

10.     This removal is timely and was filed within thirty (30) days of receipt by Defendant, of a copy of Plaintiff's Demand, and within the time limit for Defendant to file its removal. This is Defendant's first opportunity to timely remove this case,  from when it was first ascertained that the case is one which is or has become removable.

11.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

12.     Target is the only named defendant; the other defendants in this action are fictitiously named, designated as DOES 1 to 10, and their citizenship shall not be considered in determining diversity jurisdiction. 28 U.S.C. §1446(b).

13.     Target Corporation was, at the time of the filing of this action, and still is, a citizen of the State of Minnesota, incorporated under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota. Both the California Secretary of State and Minnesota Secretary of State identify Target Corporation as a Minnesota Corporation with its principle address at 1000 Nicollet Mall, Minneapolis, Minnesota 55403 on their respective websites. True and correct copies of search results for Target Corporation on those websites are attached hereto as **Exhibit "E.)**

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b)1 (DIVERSITY); DECLARATION OF GABRIELLA A. PEDONE**

14.    Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders sent to and received by Target in the State Court action are attached hereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 15th day of September, 2022, at Los Angeles, California.

/s/ *Gabriella A. Pedone*

Gabriella A. Pedone

Case No.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b)1 (DIVERSITY); DECLARATION OF GABRIELLA A. PEDONE**

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 08/15/2022 04:04 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
22STCV26366

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TARGET CORPORATION, a corporation, and DOES 1 TO 20 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Vardan Grigoryan, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court | CASE NUMBER:<br>*(Número del Caso):*<br>22STCV26366 |
|---|---|

Central District - Spring Street Courthouse
312 N Spring Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Armen Kiramijyan; KAASS LAW; 815 E Colorado Street, Suite 220, Glendale, CA 91205; 310.943.1171

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: 08/15/2022<br>*(Fecha)* | Clerk, by<br>*(Secretario)* R. Perez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Target Corporation, a Corporation

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 8/16/22

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 08/15/2022 04:04 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
22STCV26366

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Audra Mori

**PLD-PI-001**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Armen Kiramijyan (SBN: 276723)<br>KAASS LAW<br>815 E Colorado Street, Suite 220<br>Glendale, California 91205<br>TELEPHONE NO: 310.943.1171   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* litigation@kaass.com<br>ATTORNEY FOR *(Name):* Vardan Grigoryan | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central District - Spring Street Courthouse

PLAINTIFF: Vardan Grigoryan, an individual

DEFENDANT: TARGET CORPORATION, a corporation, and

☑ DOES 1 TO  20  inclusive

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
☐ **AMENDED** *(Number):*
**Type** *(check all that apply):*
☐ MOTOR VEHICLE   ☑ OTHER *(specify):* Premises Liability
☐ Property Damage   ☐ Wrongful Death
☑ Personal Injury   ☐ Other Damages *(specify):*

**Jurisdiction** *(check all that apply):*
☐ **ACTION IS A LIMITED CIVIL CASE**
Amount demanded ☐ does not exceed $10,000
☐ exceeds $10,000, but does not exceed $25,000
☑ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
☐ **ACTION IS RECLASSIFIED** by this amended complaint
☐ from limited to unlimited
☐ from unlimited to limited

CASE NUMBER:

22STCV26366

1. **Plaintiff** *(name or names):* Vardan Grigoryan
alleges causes of action against **defendant** *(name or names):*
TARGET CORPORATION,  and Does 1 to 20

2. This pleading, including attachments and exhibits, consists of the following number of pages: 5

3. Each plaintiff named above is a competent adult
   a. ☐ **except** plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*
   b. ☐ **except** plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Exhibit A, Page 000009

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Grigoryan v.  TARGET CORPORATION | |

4. ☐ Plaintiff *(name):*

    is doing business under the fictitious name *(specify):*

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☑ **except** defendant *(name):* Target Corporation    c. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown     (1) ☐ a business organization, form unknown
      (2) ☑ a corporation     (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*     (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*     (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*     (5) ☐ other *(specify):*

   b. ☐ **except** defendant *(name):*    d. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown     (1) ☐ a business organization, form unknown
      (2) ☐ a corporation     (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*     (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*     (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*     (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☑ Doe defendants *(specify Doe numbers):* 1 to 5      were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.
   b. ☑ Doe defendants *(specify Doe numbers):* 6 to 20      are persons whose capacities are unknown to
      plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Grigoryan v.  TARGET CORPORATION | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☑ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☐ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☐ other damage *(specify):*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.
   Los Angeles Superior Court

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☑ according to proof
      (2) ☐ in the amount of: $

15. ☑ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
   6

Date: 08/15/2022

Armen Kiramijyan
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property**
**Damage, Wrongful Death**

Exhibit A, Page 000011

PLD-PI-001(4)

| SHORT TITLE:<br>Grigoryan v. TARGET CORPORATION | CASE NUMBER: |
|---|---|

First
_____     **CAUSE OF ACTION—Premises Liability**     Page _____4_____
   (number)

ATTACHMENT TO [ **✱** ] Complaint     [    ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. *(name):* Vardan Grigoryan

alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.

On *(date):* November 08. 2020                    plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury):*

Plaintiff fell on the premises located at 1800 Empire Avenue, Burbank, CA 91504. Defendants failed to maintain the premises in a reasonably safe condition by leaving a slippery substance on the floor. Plaintiff slipped on the slippery substance and fell. Defendants created a dangerous condition by leaving a slippery substance on the floor.

Prem.L-2. [ **✱** ]  **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):*

TARGET CORPORATION

[ **✱** ] Does  1 _____ to 20 _____

Prem.L-3. [   ]  **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):*

[   ] Does _____ to _____

Plaintiff, a recreational user, was   [   ] an invited guest   [   ] a paying guest.

Prem.L-4. [   ]  ***Count Three—Dangerous Condition of Public Property*** The defendants who owned public property on which a dangerous condition existed were *(names):*

[   ] Does _____ to _____

a.   [   ] The defendant public entity had   [   ] actual   [   ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.

b.   [   ] The condition was created by employees of the defendant public entity.

Prem.L-5.a. [ **✱** ]  **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*

TARGET CORPORATION

[ **✱** ] Does  1 _____ to 5 _____

b.   [   ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are [   ] described in attachment Prem.L-5.b [   ] as follows *(names):*

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California  PLD-
PI-001(4) [Rev. January 1, 2007]       **CAUSE OF ACTION—Premises Liability**       Code of Civil Procedure, § 425.12
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.   [ **Print this form** ]   [ **Save this form** ]   [ **Clear this form** ]

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Grigoryan v. TARGET CORPORATION | |

Second _____  **CAUSE OF ACTION—General Negligence**   Page ___5___
(number)

ATTACHMENT TO  [✓] Complaint  [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):*  Vardan Grigoryan

alleges that defendant *(name):*  TARGET CORPORATION, and

[✓] Does  1 _____  to  20 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date):* 11/08/2020
at *(place):* 1800 Empire Ave, Burbank, CA 91504

*(description of reasons for liability):*

Plaintiff is informed and believes that Defendant TARGET CORPORATION and/or Defendants
Does 1 to 20 (collectively "Defendants") owned, maintained, and/or managed the supermarket
located at 1800 Empire Ave, Burbank, CA 91504 ("Premises"). Plaintiff fell when he was at the
Premises. Defendants had a duty to maintain the Premises in a reasonably safe condition.
Defendants left a slippery substance on the floor at the Premises.  Defendants created a dangerous
condition by leaving the slippery substance on the floor at the Premises. The dangerous condition
created by the Defendants caused Plaintiff to fall and sustain injuries. Defendants breached their
duty by failing to clean the Premises and leaving the slippery substance on the floor. Defendants'
negligence was a substantial factor in causing injuries to Plaintiff.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

Exhibit A, Page 000013

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

---

LASC CIV 271 Rev. 02/22
For Mandatory Use

Page 1 of 2

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a.  **The Civil Mediation Vendor Resource List**
    If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

  - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
  - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b.  **Los Angeles County Dispute Resolution Programs**
    https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

    Day of trial mediation programs have been paused until further notice.

    **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3.  **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 02/22
For Mandatory Use

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES**<br><br>COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/15/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Perez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT -**<br>**UNLIMITED PERSONAL INJURY CIVIL CASES**<br>**ASSIGNED TO THE PERSONAL INJURY HUB COURTS** | |
| Your case is assigned to the judicial officer indicated below in the Personal Injury Hub Court for all purposes, except for trial. | CASE NUMBER:<br>22STCV26366 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| ASSIGNED JUDICIAL OFFICER | | DEPT. |
|---|---|---|
| ✔ | Audra  Mori | 31 |

| |
|---|
| **FINAL STATUS CONFERENCE:**<br>          DATE: _____01/29/2024_____ at 10:00 a.m. |
| **TRIAL DATE:**<br>          DATE: _____02/13/2024_____ at 8:30 a.m. |
| **ORDER TO SHOW CAUSE RE: DISMISSAL (Code of Civil Procedure, section 583.210)**<br>          DATE: _____08/12/2024_____ at 8:30 a.m. |

Given to the Plaintiff / Attorney of Record

On 08/16/2022_____
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Perez _____ Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL PERSONAL INJURY CASES**

LASC CIV 295 NEW 05/22
For Mandatory Use

Exhibit A, Page 000016

**INSTRUCTIONS FOR HANDLING UNLIMITED PERSONAL INJURY CIVIL CASES**

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDICIAL OFFICER**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purpose to a judicial officer, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assignment to the Personal Injury Hub Courts will be subjected to processing under the standards listed below.

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days. Failure to do so may result in the imposition of sanctions.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than eight court days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court and time standards, or deadlines established by the Court or by Chapter Three Rules.  Such sanctions may be on a party, or if appropriate on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to a PI Hub Court for all purposes except for trial or an Independent Calendar Courtroom for all purposes depending on the PI Case Type.

**\*Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to a PI Hub Court for all purposes except for trial or an Independent Calendar Courtroom for all purposes depending on the PI Case Type.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL PERSONAL INJURY CASES**

LASC CIV 295 NEW 05/22
For Mandatory Use

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California**
**County of Los Angeles**



**Los Angeles County**
**Bar Association**
**Litigation Section**

**Los Angeles County**
**Bar Association Labor and**
**Employment Law Section**



**Consumer Attorneys**
**Association of Los Angeles**



**Southern California**
**Defense Counsel**



**Association of**
**Business Trial Lawyers**



**California Employment**
**Lawyers Association**

   The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

   *The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association**
**Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
    (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                ➢ _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____                ➢ _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____                ➢ _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____                ➢ _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____                ➢ _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____                ➢ _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____                ➢ _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

[ Print ]   [ Save ]                                                    Exhibit A  Page 000020  [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

Exhibit A, Page 000021

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

Exhibit A, Page 000022

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                 (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                 (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                 (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                 (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                 (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                 (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                 (ATTORNEY FOR _____)

  Print      Save                                      Clear

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

Exhibit A, Page 000023

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:     FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]   [ Save ]      Exhibit A, Page 0024 [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:   _____

_____
JUDICIAL OFFICER

[ Print ]        [ Save ]                                    [ Clear ]

# FILED

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_
Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

Exhibit A, Page 000029

2022-SJ-008-02

**FILED**
Superior Court of California
County of Los Angeles

**MAY 0 4 2022**

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Anoush Michitarian

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned to the ) <br> Personal Injury Hub Courts (Spring Street ) <br> Courthouse) ) <br> _____ ) | SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN THE PERSONAL INJURY HUB COURTS EFFECTIVE MAY 16, 2022 (REVISED 05/04/2022) |

## STANDING ORDER RE: PROCEDURES AT PERSONAL INJURY

## HUB COURTS AT THE SPRING STREET COURTHOUSE

The Superior Court of California, in and for the County of Los Angeles (Superior Court, Los Angeles County), hereby issues the following order prescribing the procedures to be followed in the Personal Injury Hub Courts at the Spring Street Courthouse.

**1. Authority**

This order is being made pursuant to the Code of Civil Procedure, the California Rules of Court, rule 3.720, and the Superior Court, Los Angeles County, Local Rules, rule 3.23. It supersedes the following General and Standing Orders:

   A.  Amended General Order Re: General Jurisdiction Personal Injury Cases – Filing Location (5/16/2014);

   B.  First Amended Standing Order Re: Final Status Conference, Personal Injury ("PI") Courts (4/16/2018);

SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

Exhibit A, Page 000030

2022-SJ-008-02

1   First Amended Standing Order Re: Personal Injury Procedures at the Spring

2   Street Courthouse (2/24/2020);

3   C. Third Amended Standing Order Re: Final Status Conference, Personal Injury

4   ("PI") Courts (2/24/2020);

5   D. Fifth Amended Standing Order Re: Mandatory Settlement Conference (2/24/20);

6   E. Amended Supplemental Standing Order re Covid Protective Measures Related to

7   Final Status Conferences in Personal Injury Cases at the Spring Street Courthouse

8   (12/22/2020);

9   F. Sixth Amended Standing Order Re: Mandatory Settlement Conference (6/23/21);

10   and

11   G. Second Amended Supplemental Standing Order re Covid Protective Measures

12   Related to Final Status Conferences in Personal Injury Cases at the Spring Street

13   Courthouse (10/08/2021).

14   **2.   Definition of Personal Injury (PI) Cases**

15   As prescribed by the Superior Court, Los Angeles County, Local Rules, rule 2.3(a)(1)(A),

16   "personal injury" cases are those alleging injuries arising from:

17   ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

18   ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death

19   ☐ 2301 Premises Liability (e.g., dangerous conditions of property, slip/trip and fall,

20   dog attack, etc.)

21   ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault,

22   battery, vandalism, etc.)

23   ☐ 2303 Intentional Infliction of Emotional Distress

**PAGE 2 OF 19**

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

1    □ 2304 Other Personal Injury/Property Damage/Wrongful Death

2    □ 2307 Construction Accidents

3    The Superior Court, Los Angeles County, will assign a case to the PI Hub Courts if

4    plaintiff(s) checks any of the above boxes on the Civil Case Cover Sheet Addendum and

5    Statement of Location (Form LASC CIV 109).

6    However, cases alleging causes of action for product liability, medical or health

7    professional malpractice, elder abuse, sexual abuse, and habitability issues **will not** be assigned

8    to the PI Hub Courts.  If any of the following boxes are checked on the Civil Case Cover Sheet

9    Addendum and Statement of Location, the case will be assigned to an Independent Calendar

10   Court:

11   □ 2401 Product Liability (not asbestos or toxic/environmental)

12   □ 2402 Product Liability – Song-Beverly Consumer Warranty Act (Civil Code,

13   sections 1790-1795.8) (Lemon Law)

14   □ 2305 Elder/Dependent Adult Abuse and Claims Against Skilled Nursing Facility

15   □ 2306 Intentional Conduct - Sexual Abuse Case (in any form)

16   □ 2308 Landlord - Tenant Habitability (e.g., bed bugs, mold, etc.)

17   □ 4501 Medical Malpractice - Physicians & Surgeons

18   □ 4502 Other Professional Health Care Malpractice

19   Independent Calendar Courts will handle such cases for all purposes, including trial.

20   3.  **Assignment to PI Hub Court and Final Status Conference, Trial, and Order to Show**

21   **Cause Dates**

22   All PI cases filed in Los Angeles County (with the exception of those filed in the Michael

23   Antonovich Antelope Valley Courthouse) will be assigned to a PI Hub Court located at 312

**PAGE 3 OF 19**

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN**
**THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

1  North Spring Street, Los Angeles, CA 90012. In addition, upon filing, a case will be assigned a

2  Trial date approximately 18 months from the filing date, a Final Status Conference (FSC) date

3  approximately eight court days prior to the Trial date, and a date for a hearing on an Order to

4  Show Cause why the case should not be dismissed pursuant to Code of Civil Procedure sections

5  583.410 and 583.420(a)(1) approximately 24 months from the filing date.

6  **4. Transferring Cases from the PI Hub Courts**

7       The PI Hub Courts may transfer a case *sua sponte* based upon a determination that the

8  case is either not a PI case or that it requires more case management than the PI Hub Courts can

9  provide, given their case inventories.

10 **5. Filing of Documents**

11      Except for self-represented litigants or counsel who have obtained an exemption from

12 mandatory electronic filing, parties must electronically file documents. Filings are no longer

13 accepted via facsimile. The requirements for electronic filing are detailed in the Superior

14 Court, Los Angeles County's operative General Order Re Mandatory Electronic Filing for

15 Civil, available online at https://www.lacourt.org/division/efiling/pdf/GenOrdCivilEfiling.pdf.

16 **6. Service of Summons and Complaint**

17      Plaintiff(s) shall serve the summons and complaint upon Defendant(s) within 60 days of

18 filing of the complaint. (California Rules of Court, rule 3.110 (b).) Failure to do so may result

19 in the imposition of sanctions. (Code of Civil Procedure, sections 128, 177.5; California Rules

20 of Court, rule 2.30.) In addition, at a hearing on an Order to Show Cause re Dismissal (described

21 in Paragraph three above), the PI Hub Courts may dismiss the case and/or all unserved parties

22 unless Plaintiff(s) shows cause why the case or the unserved parties should not be dismissed.

23 (Code of Civil Procedure, sections 583.410, 583.420(a)(2).).

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

**7. Stipulations to Advance or Continue Trial**

The Court may honor stipulations by all parties to a case to advance or continue a trial, provided that the proposed trial date is not beyond 24 months of the filing of the complaint, without a showing of good cause.

To advance or continue a trial date, the parties (or their counsel of record) should jointly execute and submit a (Proposed) Order and Stipulation to Continue Trial, FSC [and Related Motion/Discovery Dates Personal Injury Courts Only (Central District)] (LACIV-CTRL242). The PI Hub Courts schedule FSCs at 10:00 a.m., approximately eight court days before the trial date. Parties seeking to advance or continue trial and FSC dates shall file the stipulation at least eight court days before the existing FSC date. (Code of Civil Procedure, section 595.2; Government Code, section 70617(c)(2).) In selecting a new trial date, parties should avoid setting on Mondays, or Tuesdays following a court holiday.

Parties may submit a maximum of two stipulations to continue trial for a total continuance of six months before 24 months of the filing of the complaint. Other requests to continue trial will be granted only upon a showing of good cause by noticed motion.

**8. No Case Management Conferences**

The PI Hub Courts do not conduct case management conferences. Thus, the parties need not file a Case Management Conference Statement.

**9. Law and Motion**

A. Reservation Hearing Date

Parties must reserve hearing dates for motions in the PI Hub Courts using the Court Reservation System (CRS) available online (www.lacourt.org). After reserving a motion hearing date, the reservation requestor must submit the moving papers for filing with the reservation

PAGE 5 OF 19

SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-02

1    receipt number printed on the face page of the document under the caption and attach the

2    reservation receipt as the last page. Parties or counsel who are unable to utilize the online CRS

3    to reserve a hearing date may contact the assigned PI Hub Court for assistance, Monday through

4    Friday, between 3:00 p.m. and 4:00 p.m.

5        As soon as a reservation requestor realizes that a motion hearing, or other proceeding

6    requiring a reservation in the PI Hub Courts, such as in Informal Discovery Conference (IDC)

7    will not be necessary, the reservation requestor shall immediately use CRS to cancel the

8    reservation for the motion hearing, or other proceeding requiring a reservation.

9        If the moving party deems the hearing date to be too far in the future (for example, after

10    the trial date), parties should check CRS from time to time because earlier hearing dates may

11    become available as cases settle or hearings are taken off calendar. The Court will not advance

12    a hearing date because it is set after a trial date. If a hearing is set after the trial date, the moving

13    party should seek to continue the trial, by noticed motion, instead. (See, Section 10. Ex Parte

14    Applications, below.)

15     B. Electronically Filed Documents

16        Any and all electronically filed documents must be text searchable and bookmarked

17    pursuant to the operative General Order re Mandatory Electronic Filing for Civil, General Order

18    re Mandatory Electronic Filing in Civil.

19     C. Courtesy Copies

20        Courtesy copies are required for Ex Parte Applications, Motions for Summary Judgment,

21    Oppositions to Ex Parte Applications and Motions for, Oppositions to, and Replies to

22    Oppositions to Motions for Summary Judgment or Summary Adjudication.

23    ///

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

Exhibit A, Page 000035

2022-SJ-008-02

1     Courtesy copies must be submitted directly to the assigned PI Hub Court at the Spring

2 Street Courthouse. The PI Hub Courts strongly encourage the parties filing and opposing lengthy

3 motions for summary judgment or adjudication, to submit one or more three-ring binders

4 organizing the courtesy copies behind tabs. Any courtesy copies of documents with declarations

5 and/or exhibits must be tabbed. (California Rules of Court, rule 3.1110(f).) All deposition

6 excerpts referenced in briefs must be marked on the transcripts attached as exhibits. (California

7 Rules of Court, rule 3.1116(c).) Courtesy copies, including any media attached thereto, will be

8 destroyed by the Court without notice following the hearing.

9     D.  Withdrawal of Motions

10     If a moving party takes a motion off a PI Hub Court's calendar, the moving party must

11 notify the court immediately and should remove the item from the Court's calendar on CRS.

12 (California Rules of Court, rule 3.1304(b).)  If, in response to a demurrer or a motion to strike,

13 a party exercises its right to amend a pleading as prescribed by Code of Civil Procedure section

14 472(a), the Court requests that party work with the party who filed the demurrer or motion to

15 strike to take the demurrer or motion to strike off calendar so that the PI Hub Courts do not

16 needlessly prepare tentative rulings.

17     E.  Motions to Compel Further Responses to Discovery

18     PI Hub Courts will not hear Motions to Compel Further Discovery Responses to

19 Discovery until the parties have engaged in an Informal Discovery Conference (IDC).

20     PI Hub Courts may deny or continue a Motion to Compel Further Responses to

21 Discovery unless the parties have participated in an IDC before the scheduled hearing on a

22 motion to compel further discovery responses.

23 ///

**PAGE 7 OF 19**

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

After meeting and conferring about available dates for an IDC, the moving/propounding party shall reserve an IDC through CRS (see paragraph 9 above) and provide notice of the reserved IDC to the opposing/responding party by filing and serving an Informal Discovery Conference Form for Personal Injury Courts  LASC CIV 239 at least 15 court days before the IDC and attach the CRS reservation receipt as the last page. **The IDC will not be "scheduled" by the court until the IDC Form is filed.** The opposing/responding party may file and serve a responsive IDC Form at least 10 court days before the IDC.  All parties shall briefly set forth their respective positions on the pending discovery issues on the IDC Form.

Ideally, the parties should participate in an IDC before a Motion to Compel Further Discovery Responses is filed because the IDC may avoid the necessity of such a motion or, at least, reduce its scope.  Because of that possibility, parties are encouraged to stipulate to extend the deadline for filing a Motion to Compel Further Discovery Responses by 60 days in order to allow time to participate in an IDC and to informally resolve the pending discovery issues.

Note:  Reserving or scheduling an IDC **does not extend the time to file a Motion to Compel Further Discovery Responses.**

If parties do not stipulate to extend the deadline(s) to file a Motion to Compel Further Discovery Responses, the moving/propounding party may file the motion to avoid it being deemed untimely.  However, the IDC must take place before the motion is heard so it is suggested that the moving party reserve a date for the motion hearing that is at least 60 days after the date when an IDC is scheduled.  Note:  A party's failure to stipulate to extend the time to bring a Motion to Compel Further Discovery Responses so that an IDC may be held may subject the parties and/or counsel to the imposition of sanctions.

///

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

1       The PI Hub Courts have found that, in most cases, IDCs are successful at assisting the

2 parties to amicably resolve their discovery disputes, and in resolving the case as a whole. The

3 purpose of the IDC is to assist the parties to resolve and/or narrow the scope of discovery

4 disputes. Therefore, parties, through their respective counsel of record with full authority to

5 make binding agreements, shall participate in the scheduled IDC. The PI Hub Courts have found

6 that most discovery disputes result from a failure to meaningfully meet and confer on the pending

7 discovery issues. The PI Hub Courts generally find that meeting and conferring by only

8 exchanging letters and e-mails, as opposed to actual conversation, are insufficient and

9 ineffective. Thus, in requesting an IDC, the parties must indicate on their IDC forms what efforts

10 were made to informally resolve pending discovery issues, which must include in-person or

11 virtual meetings or telephonic communications. (The PI Hub Courts require this same showing

12 in declarations filed in support of, and in opposition to, Motions to Compel Further Discovery

13 Responses.)

14       Time permitting, the PI Hub Courts may be available to conduct IDCs to resolve other

15 types of discovery disputes.

16 **10. Ex Parte Applications**

17       The PI Hub Courts will only grant ex parte relief upon a showing, by admissible

18 evidence, that the moving party will suffer "irreparable harm," "immediate danger," or where

19 the moving party identifies "a statutory basis for granting relief ex parte." (California Rules of

20 Court, rule 3.1202(c).) The PI Hub Courts have no capacity to hear multiple ex parte

21 applications or to shorten time to add hearings to their fully booked motion calendars. Given

22 the PI Hub Courts' impacted calendars, a PI Hub Court's unavailability for timely motion

23 hearings is not an "immediate danger" or threat of "irreparable harm" justifying ex parte relief.

2022-SJ-008-02

1 Instead of seeking ex parte relief, the moving party should reserve the earliest available motion

2 hearing date (even if it is after the scheduled trial date) and file a noticed motion to continue the

3 trial.

4      And, again, parties should check CRS from time to time because earlier hearing dates

5 may become available as cases settle or hearings are taken off calendar.

6 **11. Jury Fees**

7      Parties must pay jury fees no later than 365 calendar days after the filing of the initial

8 complaint. (Code of Civil Procedure, § 631(c)(2).)

9 **12. Final Status Conference**

10   A. Purpose

11      The purpose of the FSC is to verify that the parties are completely ready to proceed with

12 trial continuously and efficiently, from day to day, until verdict. The PI Hub Courts will verify

13 at the FSC that all parties have (1) prepared all necessary trial documents, and (2) met and

14 conferred in an effort to stipulate to ultimate facts, legal issues, Motions in Limine, and the

15 authentication/foundation and admissibility of exhibits.

16   B. Trial Documents to Be Filed

17      At least five calendar days prior to the FSC, the parties shall serve and file the following

18 Trial Readiness Documents:

19     1. Trial Briefs (Optional)

20     Each party may, but is not required to, file a trial brief succinctly identifying:

21        a. the claims and defenses subject to litigation;

22        b. the major legal issues (with supporting points and authorities);

23        c. the relief claimed and calculation of damages sought; and

**PAGE 10 OF 19**

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

1     d. any other information that may assist the court at trial.

2         2.  Motions in Limine

3     Before filing Motions in Limine, the parties shall comply with the statutory notice

4  provisions of Code of Civil Procedure section 1005 and the requirements of the Superior Court,

5  Los Angeles County, Local Rules, rule 3.57(a).  The caption of each Motion in Limine shall

6  concisely identify the evidence that the moving party seeks to preclude.  Parties filing more than

7  one Motion in Limine shall number them consecutively.  Parties filing opposition and reply

8  documents shall identify the corresponding motion number in the caption.

9         3.  Joint Statement to Be Read to the Jury

10    For jury trials, the parties shall prepare and file a joint written statement of the case for

11  the trial court to read to the jury.  (Superior Court, Los Angeles County, Local Rules, rule

12  3.25(g)(4).)

13        4.  Joint Witness List

14    The parties shall prepare and file a joint, alphabetized by last name, list of all witnesses

15  that each party intends to call, excluding impeachment and rebuttal witnesses.  (Superior Court,

16  Los Angeles County, Local Rules, rule 3.25(g)(5).)  The joint witness list shall identify each

17  witness by name, specify which witnesses are non-experts and experts, estimate the length of the

18  direct, cross, and re-direct examination of each witness, and include a total number of hours for

19  all witness testimony.  The parties shall identify all potential witness scheduling issues and

20  special requirements.  Any party who seeks to elicit testimony from a witness not identified on

21  the witness list must first make a showing of good cause to the trial court.

22  ///

23  ///

**PAGE 11 OF 19**

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

5. List of Proposed Jury Instructions (Joint and Contested)

The parties shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, including columns to indicate whether an instruction is agreed to or contested. In addition, the List of Proposed Jury Instructions must include columns for a trial judge to indicate whether an instruction was given, given as modified, refused or withdrawn. (California Rules of Court, rule 2.1055.)

6. Jury Instructions (Joint and Contested)

The parties shall prepare a complete set of full text proposed jury instructions in a format ready for submission to the jury, by editing all proposed California Civil Jury Instructions including inserting party name(s) and eliminating blanks, brackets, and irrelevant material. The parties may prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (**i.e., there should be no boxes or other indication on the printed instruction itself as to which party is requesting the instruction**).

7. Joint Verdict Form(s)

The parties shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all parties. (Superior Court, Los Angeles County, Local Rules, rule 3.25(g)(8).) If the parties cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

8. Joint Exhibit List

The parties shall prepare and file a joint exhibit list organized with columns identifying each exhibit, setting forth stipulations, if any, to authenticity/foundation and admissibility of exhibits, and specifying evidentiary objections, if any, to the admission of an exhibit. If an objection to an exhibit is not articulated on the exhibit list, the trial court may deem the exhibit

PAGE 12 OF 19

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

admitted.  The parties shall meet and confer regarding stipulations to authenticity/foundation and admissibility of exhibits, and to resolve objections, if any, to the admission of an exhibit, before filing the Joint Exhibit List.

       9.   Page and Line Designation for Deposition and Former Testimony

      If the parties intend to use deposition testimony or former trial testimony in lieu of any witness' live testimony, the parties shall meet and confer, and jointly prepare and file a chart with columns for each of the following:   1) the page and line designations of the deposition or former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto, and 5) the Court's ruling.

C.   Items to be Presented at the Final Status Conference

     1.   Trial Binders

      The parties shall jointly prepare (and be ready to temporarily lodge) 3-ring binders containing conformed (filed in eCourt) copies of all the following:

Tab A: Trial Briefs (Optional)

Tab B:  Motions in Limine

      The parties shall organize Motions in Limine (tabbed in numerical order) with the opposition papers and reply papers for each motion placed directly behind the moving papers.

Tab C: Joint Statement to Be Read to the Jury

Tab D: Joint Witness List

Tab E: Joint List of Jury Instructions (identifying the agreed upon and contested instructions)

Tab F: Joint and Contested Jury Instructions

**PAGE 13 OF 19**

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

1     The parties shall organize proposed jury instructions with the agreed upon instructions

2     first in order followed by the contested instructions (including special instructions)

3     submitted by each party.

4     Tab G: Joint and/or Contested Verdict Form(s)

5     Tab H: Joint Exhibit List

6     Tab I: Joint Chart of Page and Line Designation(s) for Deposition and Former Testimony

7     Tab J: Copies of the Current Operative Pleadings (including the operative complaint,

8     answer, cross-complaint, if any, and answer to any cross-complaint).

9       2.  Filing and Electronic Submission of Trial Documents

10     In an effort to reduce the number of in-person appearances in the PI Hub Courts, in

11 addition to the parties filing and serving the Trial Documents at least five calendar days prior to

12 the FSC, two court days prior to the FSC, the parties must provide the PI Hub Court with the

13 trial binders in electronic form (see below). This will allow parties to appear remotely for the

14 FSC and provide the PI Hub Courts with the opportunity to review the trial binders to determine

15 whether parties are ready for trial. Hard copies of the trial binders will continue to be required

16 for the trial.

17     a.  The parties must submit in one PDF conformed copies of the joint statement of the

18         case, joint witness list, joint list of jury instructions, full-text joint and contested jury

19         instructions, joint and/or contested verdict form(s), joint exhibit list, joint deposition

20         designation chart, and operative pleadings as listed in paragraph C.1. above (Tabs C

21         through J).

22     b.  The trial briefs and Motions in Limine, oppositions, and replies, if any, must be

23         submitted in a separate PDF as listed in paragraph C.1 above (Tabs A and B). **If a**

**PAGE 14 OF 19**

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN**
**THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

1    **Motion in Limine and exhibits thereto exceed 10 pages, the parties may submit**

2    **just the face page of the motion.** (The entire motion will still need to be brought to

3    the trial in the appropriate binder.)

4    c.  The PDFs must be text searchable.

5    d.  The PDFs must be bookmarked which is essentially an electronic tab so that the PI

6    Hub Court is able to find and navigate among the trial documents.

7    (See https://helpx.adobe.com/acrobat/using/page-thumbnails-bookmarks-

8    pdfs.html for bookmarking instructions.)

9    e.  The PDFs must be emailed to the applicable email address listed below:

10   Department 27 at ssedept27FSC@LACourt.org

11   Department 28 at ssedept28FSC@LACourt.org

12   Department 29 at ssedept29FSC@LACourt.org

13   Department 30 at ssedept30FSC@LACourt.org

14   Department 31 at ssedept31FSC@LACourt.org

15   Department 32 at ssedept32FSC@LACourt.org

16   f.  The subject line in the email must include identifying case information as follows:

17   [Insert Case Number] Trial Readiness Binder, FSC, [Insert MM/DD/YEAR of

18   Hearing Date] (e.g., 20STCV00001 Trial Readiness Binder, FSC 01/11/2022).

19   g.  Each email should have two PDFs attached – one containing the trial documents and

20   the other containing the trial briefs and Motions in Limine, if applicable.

21   h.  The parties need not email the evidentiary exhibit binders to the PI Hub Court for the

22   FSC.  However, the parties shall prepare the exhibit binders as required (see section

23   3. Evidentiary Exhibits, below) and be prepared to represent to the PI Hub Court that

**PAGE 15 OF 19**

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN**
**THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

1  the binders have been properly prepared. Hard copies of the exhibit binders will be

2  required for the trial court.

3  3.  Evidentiary Exhibits

4  The parties shall jointly prepare (and be ready to temporarily lodge for inspection at the

5  FSC) three sets of tabbed, internally paginated by document, and properly marked exhibits,

6  organized numerically in three-ring binders (a set for the trial court, the Judicial Assistant, and

7  the witnesses).  The parties shall mark all non-documentary exhibits and insert a simple written

8  description of the exhibit behind the corresponding numerical tab in the exhibit binder.

9  D.  Failure To Comply with Final Status Conference Obligations

10  The PI Hub Courts have the discretion to require any party or counsel of record who fails or

11  refuses to comply with this Standing Order to show cause why the Court should not impose

12  monetary, evidentiary, and/or issue sanctions (including the entry of a default or the striking of

13  an answer).

14  **13. Mandatory Settlement Conferences**

15  Mandatory Settlement Conferences (MSC) are available on a virtual platform hosted by

16  the Beverly Hills Bar Association at ResolveLawLA.com.  MSCs are conducted by volunteer

17  attorneys from the American Board of Trial Advocates, the Association of Southern California

18  Defense Counsel, the Consumer Attorneys Association of Los Angeles, and the Beverly Hills

19  Bar Association and are overseen by the Court.

20  ///

21  ///

22  ///

23  ///

SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-02

1    MSCs are available in cases with two sides[1] 1) by stipulation, or 2) by court order at the

2    Final Status Conference. If parties stipulate to participate in a ResolveLawLA MSC, they must

3    seek leave of Court to do so, by making an ex parte application using the PI Hub MSC

4    Stipulation form.  Both parties should appear at the ex parte hearing.  At the Final Status

5    Conference, the Court may order parties to participate in a MSC if the Court feels that it could

6    assist the parties in resolving the case.

7         Whether by stipulation or court order, parties must access the ResolveLawLA website

8    at www.ResolveLawLA.com to create an account and register the case for MSC within two court

9    days of the Court's order of the MSC.  Plaintiff or its, her or his counsel (Plaintiff) must

10   coordinate with Defendant or its, her or his counsel (Defendant) and select a mutually agreed

11   upon date and time for the MSC prior to the trial date. Plaintiff shall also provide the name, email

12   address, and phone number for Defendant when registering the case for an MSC.

13        A MSC brief shall be lodged by each party at ResolveLawLA.com and served on all

14   parties not less than five court days before the scheduled MSC.  The settlement conference

15   statement shall be limited to five pages on the MSC Brief and 10 pages for

16   exhibits. ResolveLawLA MSCs are available at 9 a.m. and 1:30 p.m. Monday through Friday,

17   excluding court holidays, and are conducted on a virtual platform.  After a MSC is scheduled,

18   the ResolveLawLA system will send notifications via text and/or email and will include a link

19   for counsel, the parties, and insurance representatives to join the MSC remotely.

20

21

22

23
---
[1] Cases with cross-complaints or separately represented defendants are not eligible.

**PAGE 17 OF 19**

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN**
**THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

1       Pursuant to California Rules of Court, rule 3.1380(b) and Superior Court, Los Angeles

2   County, Local Rules, rule 3.25(d), counsel, the parties, and persons with full authority to settle

3   the case (including insurance company representatives) must attend the MSC virtually unless a

4   judicial officer has excused the virtual appearance for good cause.  Once Defendants are notified

5   that a case has been scheduled for a MSC, Defendants shall create their own login to the

6   ResolveLawLA.com system, and shall list all parties, party representatives and insurance

7   adjusters' names, phone numbers, and emails where indicated. In the event the MSC needs to be

8   canceled or rescheduled, it must be canceled through ResolveLawLA.

9       If the case settles before a scheduled MSC, parties shall forthwith notify the PI Hub Court

10   to which the case is assigned of such settlement.   The parties should also document their

11   settlement agreement in writing signed by all parties whether before or at the scheduled MSC.

12   **14. Trials**

13       The PI Hub Courts do not conduct trials. On the trial date, all parties and/or their trial

14   counsel **must appear in person** in the PI Hub Court assigned to the case.  Upon confirming that

15   the parties are trial-ready, the PI Hub Court will obtain a Trial Court assignment from Stanley

16   Mosk Courthouse, Department 1, and will inform the parties and/or trial counsel of the

17   assignment. The parties then have 20 minutes within which to exercise a peremptory challenge

18   to the assigned trial court, assuming that party had not previously exercised the party's right to

19   make such a challenge.

20       Should a Plaintiff fail to appear at trial, the PI Hub Court will dismiss the case without

21   prejudice. (Code of Civil Procedure section 581(b)(3).) If a Defendant fails to appear at trial, the

22   PI Hub court will obtain a Trial Court assignment from Department 1 and the Plaintiff will

23   ///

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

Exhibit A, Page 000047

2022-SJ-008-02

proceed with an uncontested trial pursuant to Code of Civil Procedure section 594 and *Warden v. Lamb* (1929) 98 Cal.App. 738, 741.

**15. Sanctions**

The Court has discretion to impose sanctions for any violation of this Standing Order. (Code of Civil Procedure, sections 128.7, 187; Government Code, section 68608(b).)

Dated: 5/4/22

_____
Judge David J. Cowan
Supervising Judge, Civil Division

**PAGE 19 OF 19**

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN THE PERSONAL INJURY HUB COURT**

# EXHIBIT B

## Service of Process Transmittal Summary

**TO:**     CATHY SCHUDA
Target Corporation
1000 NICOLLET MALL, MS: TPS-3155
MINNEAPOLIS, MN 55403-2542

**RE:**     **Process Served in California**

**FOR:**    Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Vardan Grigoryan, an individual // To: Target Corporation |
| **CASE #:** | 22STCV26366 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/16/2022 at 01:24 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/16/2022, Expected Purge Date: 08/21/2022 |
| | Image SOP |
| | Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                  Tue, Aug 16, 2022
**Server Name:**      John Abramyan

| | |
|---|---|
| Entity Served | TARGET CORPORATION |
| Case Number | 22STCV26366 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



# EXHIBIT C



(StatusOnLine.aspx?sessionid=4cbfc160-7acc-4cd7-8cf5-eccf78b52908)

## Subsequent Filing Into Case 22STCV26366 - Order Number 454985-JTI291049

## Envelope Number 22LA01155220

**Location:**

Spring Street Courthouse ⌄

| Fee Name | Amount |
|---|---|
| Not Available | 0.00 |

**Case Category:**

Premise Liability (e.g., dangerous conditions of property, slip/ ⌄

**Case Type:**

Civil Unlimited ⌄

**Parties In Case:**

| Party Type | Party Name | Lead Attorney |
|---|---|---|
| Plaintiff | Vardan Grigoryan | Not Applicable |
| Defendant | TARGET CORPORATION, a corporation | Not Applicable |

**Filings In Order:**

| Filing Code | File Name | Description | Download Document |
|---|---|---|---|
| RES010 | LA311997.4246520.Answer.01.Original Complt.Grigoryan.091522.State.pdf | Answer | Display RES010 (https://s3-us-west-1.amazonaws.com/docs.for.jti/Prod/JTI291049.00001.pdf) |

Exhibit C, Page 000053

**Reviewed:**

| Filing Code | Status | Description | Download Document |
|---|---|---|---|

**eServe:**

| Name & Firm | Servee Email | Sent | Viewed |
|---|---|---|---|

**Reference:**

| LA311997 |
|---|

Back To Completed eFilings  <

1 | Eugene J. Egan (State Bar No. 130108)
*eje@manningllp.com*

2 | Gabriella Pedone (State Bar No. 308384)
*gap@manningllp.com*

3 | **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

4 | 801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012

5 | Telephone: (213) 624-6900
Facsimile: (213) 624-6999

6 |

7 | Attorneys for Defendants, TARGET
CORPORATION

8 | ### SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | ### COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10 |

| | |
|---|---|
| 11  VARDAN GRIGORYAN, an individual, | Case No. 22STCV26366 |
| 12          Plaintiff, | The Hon. Audra Mori, Dept. 31 |
| 13     v. | **DEFENDANT TARGET** |
| 14  TARGET CORPORATION, a corporation, and DOES 1 to 20, inclusive, | **CORPORATION'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** |
| 15          Defendant. | Complaint Filed: 08/15/22 |
| 16 | |

17 | Pursuant to Sections 431.10, *et seq.*, of the California Code of Civil Procedure, Defendant

18 | TARGET CORPORATION ("Defendant") answer the Complaint of Plaintiff VARDEN

19 | GRIGORYAN ("Plaintiff").

20 | ### GENERAL DENIAL

21 | 1.      Defendant denies generally and specifically each and every allegation in the

22 | Complaint, pursuant to Code of Civil Procedure  §431.30, and further denies that Plaintiff was

23 | injured, or that Plaintiff sustained, or will sustain damages in the sums alleged in the Complaint, or

24 | in any sum, or at all.

25 | ### FIRST AFFIRMATIVE DEFENSE

26 | 2.      The Complaint and each and every purported cause of action therein fails to state

27 | facts sufficient to constitute a cause of action against this answering Defendant. This affirmative

28 | defense is interposed to the Complaint in its entirety and separately as to each individual cause of

1  action therein although not restated under separate headings as to each cause of action.

2  **SECOND AFFIRMATIVE DEFENSE**

3     3.      This answering Defendant is informed and believes and thereupon alleges that

4  plaintiff failed to exercise reasonable and ordinary care, caution or prudence for his own safety, in

5  order to avoid the alleged accident.  The resulting injuries and damages, if any, sustained by

6  plaintiff were proximately caused and contributed to by the negligence of plaintiff himself.  This

7  affirmative defense is interposed to the Complaint in its entirety and separately as to each

8  individual cause of action therein although not restated under separate headings as to each cause of

9  action.

10  **THIRD AFFIRMATIVE DEFENSE**

11    4.      Defendant alleges that insofar as Defendant has delegated any duty to any

12  subordinate, such delegation was at all times done in good faith, and with due care.  Plaintiff is

13  therefore not liable for any act or omission of any subordinate.

14  **FOURTH AFFIRMATIVE DEFENSE**

15    5.      Defendant alleges that Plaintiff's recovery is reduced or diminished by Plaintiff's

16  failure to mitigate his damages.  This affirmative defense is interposed to the Complaint in its

17  entirety and separately as to each individual cause of action therein although not restated under

18  separate headings as to each cause of action.

19  **FIFTH AFFIRMATIVE DEFENSE**

20    6.      Defendant alleges that Plaintiff has not been injured or damaged as a proximate

21  result of any act or omission for which Defendant is responsible.

22  **SIXTH AFFIRMATIVE DEFENSE**

23    7.      If Plaintiff sustained any damage as alleged in the Complaint, that damage was

24  proximately caused and contributed to by other parties to this action, whether served or not served,

25  or by other persons or entities not parties to this action.  The proportionate degree of negligence or

26  fault of each of said other persons or entities must be determined and prorated and any judgment

27  that might be rendered against defendant herein must be reduced not only by that degree of

28  comparative negligence and fault found to exist as to plaintiff, but also as to the total of that

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

2

**DEFENDANT TARGET CORPORATIONS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

1  degree of negligence or fault found to exist as to said other persons or entities. This affirmative
2  defense is interposed to the Complaint in its entirety and separately as to each individual cause of
3  action therein although not restated under separate headings as to each cause of action.

4  ### SEVENTH AFFIRMATIVE DEFENSE

5  8.     This answering Defendant denies that a dangerous condition existed. However, if
6  it is determined that a dangerous condition in fact did exist, such condition was open and obvious.
7  This affirmative defense is interposed to the Complaint in its entirety and separately as to each
8  individual cause of action therein although not restated under separate headings as to each cause of
9  action.

10  ### EIGHT AFFIRMATIVE DEFENSE

11  9.     This answering Defendant denies that a dangerous condition existed. However, if
12  it is determined that a dangerous condition in fact did exist, such condition was trivial. This
13  affirmative defense is interposed to the Complaint in its entirety and separately as to each
14  individual cause of action therein although not restated under separate headings as to each cause of
15  action.

16  ### NINTH AFFIRMATIVE DEFENSE

17  10.     Defendant alleges that other persons, either known and/or unknown to this
18  answering Defendant, are in whole or in part liable to plaintiff and/or proximately or legally
19  caused plaintiff's alleged injuries. Pursuant to Civil Code Section 1431.2, Plaintiff must look to
20  these other persons for recompense for Plaintiff's alleged damages. This affirmative defense is
21  interposed to the Complaint in its entirety and separately as to each individual cause of action
22  therein although not restated under separate headings as to each cause of action.

23  ### TENTH AFFIRMATIVE DEFENSE

24  11.     Defendant alleges that Plaintiff engaged in conduct and activities with respect to
25  the subject of this Complaint, by reason of said activities and conduct, plaintiff is estopped from
26  asserting any claims for damages or seeking any other relief against this answering defendant.
27  This affirmative defense is interposed to the Complaint in its entirety and separately as to each
28  individual cause of action therein although not restated under separate headings as to each cause of

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

**DEFENDANT TARGET CORPORATIONS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

1   action.

2   <center>**ELEVENTH AFFIRMATIVE DEFENSE**</center>

3         12.      Defendant alleges that Plaintiff engaged in conduct and activities sufficient to

4   constitute a waiver of any alleged breach of duty, negligence, act, omission, or any other conduct,

5   if any, as set forth in the Complaint.  This affirmative defense is interposed to the Complaint in its

6   entirety and separately as to each individual cause of action therein although not restated under

7   separate headings as to each cause of action.

8   <center>**TWELFTH AFFIRMATIVE DEFENSE**</center>

9         13.      Defendant alleges that the injuries and damages of which Plaintiff complains were

10  proximately caused by or contributed to by the acts of other defendants, Cross-Defendants,

11  persons and/or other entities, and that said acts were an intervening and superseding cause of the

12  injuries and damages, if any, of which the plaintiff complains, thus barring Plaintiff from any

13  recovery against this answering defendant.  This affirmative defense is interposed to the

14  Complaint in its entirety and separately as to each individual cause of action therein although not

15  restated under separate headings as to each cause of action.

16  <center>**THIRTEENTH AFFIRMATIVE DEFENSE**</center>

17        14.      That the Complaint was brought without reasonable cause and without a good faith

18  belief that there was a justifiable controversy under the facts of the law which warranted the filing

19  of the Complaint against this responding defendant.  Plaintiff should therefore be responsible for

20  all defendant's necessary and reasonable defense costs, as more particularly set forth in California

21  Code of Civil Procedure Section 1038.  This affirmative defense is interposed to the Complaint in

22  its entirety and separately as to each individual cause of action therein although not restated under

23  separate headings as to each cause of action.

24  <center>**FOURTEENTH AFFIRMATIVE DEFENSE**</center>

25        15.      Plaintiff's Complaint and each and every cause of action therein contained are

26  barred by any and all applicable statutes of limitations, including, but not limited to Code of Civil

27  Procedure Sections 335.1 and 342.  This affirmative defense is interposed to the Complaint in its

28  entirety and separately as to each individual cause of action therein although not restated under

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

Exhibit C, Page 000058

Case No. 22STCV26366
**DEFENDANT TARGET CORPORATIONS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

1  separate headings as to each cause of action.

2  ### FIFTEENTH  AFFIRMATIVE DEFENSE

3  16.   Plaintiff's Complaint and each and every cause of action therein contained are

4  barred by the doctrine of laches.  This affirmative defense is interposed to the Complaint in its

5  entirety and separately as to each individual cause of action therein although not restated under

6  separate headings as to each cause of action.

7  ### SIXTEENTH AFFIRMATIVE DEFENSE

8  17.   This answering Defendant denies that a dangerous condition existed.  However, if

9  it is determined that a dangerous condition in fact did exist, such condition did not exist for a

10  sufficiently reasonable amount of time as to give actual or constructive notice of the condition.

11  This affirmative defense is interposed to the Complaint in its entirety and separately as to each

12  individual cause of action therein although not restated under separate headings as to each cause of

13  action.

14  ### SEVENTEENTH AFFIRMATIVE DEFENSE

15  18.   This Defendant presently has insufficient knowledge or information on which to

16  form a belief as to whether it may have additional, as yet unstated affirmative defenses available.

17  Defendant herein reserves the right to assert additional defenses in the event that the discovery

18  indicates that they would be appropriate.  This affirmative defense is interposed to the Complaint

19  in its entirety and separately as to each individual cause of action therein although not restated

20  under separate headings as to each cause of action.

21  ### EIGHTEENTH AFFIRMATIVE DEFENSE

22  19.   Plaintiff's Complaint and each purported cause of action and/or form of recovery

23  contained therein, is barred to the extent that Plaintiff lacks standing to assert any of the causes of

24  action and/or form of recovery contained in the Complaint because Plaintiff has not suffered any

25  injury-in-fact or for which Plaintiff does not have a private right of action.

26  //

27  //

28  //

Exhibit C, Page 000059

Case No. 22STCV26366

**DEFENDANT TARGET CORPORATIONS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1    WHEREFORE, Defendant prays for relief as follows:

2        1.      That the Complaint be dismissed, with prejudice and in its entirety;

3        2.      That Plaintiff take nothing by reason of this Complaint and that judgment be

4    entered against Plaintiff and in favor of Defendants;

5        3.      That Defendant be awarded their costs incurred in defending this action;

6        4.      That Defendant be granted such other and further relief as the Court may deem just

7    and proper.

8    DATED:  September 15, 2022          **MANNING & KASS**
                                         **ELLROD, RAMIREZ, TRESTER LLP**
9

10

11                                       By:        /s/ Gabriella Pedone
                                              ─────────────────────────────
12                                            Eugene J. Egan
                                              Gabriella Pedone
13                                            Attorneys for Defendants, TARGET
                                              CORPORATION
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Defendant, TARGET CORPORATION, hereby demand trial of this matter by jury.

DATED:  September 15, 2022

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:     /s/ Gabriella Pedone
        Eugene J. Egan
        Gabriella Pedone
        Attorneys for Defendants, TARGET
        CORPORATION

Exhibit C, Page 000061

Case No. 22STCV26366

**DEFENDANT TARGET CORPORATIONS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 801 S.

4

Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

5

On September 15, 2022, I served true copies of the following document(s) described as

6

**DEFENDANT TARGET CORPORATION'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

7

Armen Kiramijyan, SBN 276723            *Attorney for Plaintiff*

KAASS LAW                                         *Vardan Grigoryan*

8

815 E. Colorado, St., Suite 220

Glendale, CA  91205

9

Tel: (310) 943-1171

Email: litigation@kaass.com

10

11

**ONLY BY ELECTRONIC TRANSMISSION:**  Only by emailing the document(s) to the persons at the e-mail address(es).  This is necessitated during the declared National Emergency

12

due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail.  No electronic

13

message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when

14

we return to the office at the conclusion of the National Emergency.

15

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

16

17

Executed on September 15, 2022, at Los Angeles, California.

18

19

                        /s/ Sandra Alarcon

Sandra Alarcon

20

21

22

23

24

25

26

27

28

# EXHIBIT D



**KAASS® LAW**
A Professional Corporation

P.O. BOX, #944                                    OFFICE 310.943.1171

GLENDALE, CALIFORNIA 91209              FACSIMILE 310.943.1172

March 4, 2022

*Via Facsimile*
daniel.galbreath@sedgwick.com

**Attention: Dan Galbreath**

Sedgwick Claims Management Services, Inc.
PO BOX 14453
Lexington, KY 40512
Telephone: 612-313-2369
800-533-8723 Ext. 32396
Facsimile: 800-922-9165

RE:     SUBMISSION OF DEMAND PACKAGE
Our Client(s)      : Vardan Grigoryan
Your Insured       : Target Corporation
Claim Number       : 128221H0001
Date of Loss       : November 8, 2020

Dear Mr. Galbreath:

This office represents the interests of Vardan Grigoryan in connection with the November 8, 2020 incident wherein our client sustained serious injuries and consequential damages.

Please find enclosed medical reports and bills.

**TIME SENSITIVE POLICY LIMITS DEMAND**

The purpose of this letter is to clearly and concisely communicate a demand that you agree to pay our client your insured's entire policy limit in full and final settlement of his claim. The facts and circumstances surrounding this claim confirm that your insured is legally liable for our clients' damages and that the amount of those damages will most assuredly exceed the stated policy limit should the case proceed to verdict. As a result,



**P.O. BOX, #944**                                OFFICE 310.943.1171

GLENDALE, CALIFORNIA 91209            FACSIMILE 310.943.1172

any reasonable insurance company would promptly and unequivocally agree to pay the policy limit in exchange for a full and final release of all claims.

### DEADLINE TO ACCEPT DEMAND

This offer to settle for the policy limit will expire of its own accord within **Fifteen** (15) days from the date of this letter. This provides SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., with sufficient time and opportunity to evaluate all the information contained in this letter, cross reference it with the information in your claims file, and to conduct whatever interviews and additional investigation may be necessary to make an informed decision. You will not be reminded by this office that the deadline is about to expire. This demand will not be extended or waived for any reason other than in writing and will not be repeated even if **SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,** decides to pay the policy limit after the expiration date. Under California law, our client is not obligated to repeat the policy limit demand after the expiration of this offer or to leave it open beyond a reasonable deadline.

This offer to settle for the GLOBAL POLICY LIMITS will expire by its own terms on **FRIDAY, MARCH 18, 2022** at 4:00 p.m. Pacific Standard Time.

Thank you in advance for your anticipated courtesy and cooperation in this matter.

Best regards,

**KAASS LAW**

Lucy Abett
Personal Injury Team
pit@kaass.com

Enclosures: medical reports and bills

# EXHIBIT E

**Alex Padilla**
**California Secretary of State**

 # Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Thursday, May 21, 2020.
Please refer to document **Processing Times** for the received dates of filings currently being processed. The data
provided is not a complete or certified record of an entity. Not all images are available online.

## C0536463   TARGET CORPORATION

| | |
|---|---|
| **Registration Date:** | 11/24/1967 |
| **Jurisdiction:** | MINNESOTA |
| **Entity Type:** | FOREIGN STOCK |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | **C T CORPORATION SYSTEM (C0168406)** |
| | To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate. |
| **Entity Address:** | 1000 NICOLLET MALL MINNEAPOLIS MN 55403 |
| **Entity Mailing Address:** | 1000 NICOLLET MALL, TPS 3155 MINNEAPOLIS MN 55403 |

A Statement of Information is due EVERY year beginning five months before and through the end of November.

| Document Type ⇅ | File Date ⬇ | PDF |
|---|---|---|
| SI-NO CHANGE | 10/22/2019 | |
| PUBLICLY TRADED DISCLOSURE | 06/21/2019 | |
| PUBLICLY TRADED DISCLOSURE | 06/28/2018 | |
| SI-COMPLETE | 10/24/2017 | |
| PUBLICLY TRADED DISCLOSURE | 06/23/2017 | |
| PUBLICLY TRADED DISCLOSURE | 06/21/2016 | |
| PUBLICLY TRADED DISCLOSURE | 06/25/2015 | |

Exhibit E, Page 000067

| Document Type | File Date | PDF |
|---|---|---|
| PUBLICLY TRADED DISCLOSURE | 07/18/2014 | |
| PUBLICLY TRADED DISCLOSURE | 06/27/2013 | |
| PUBLICLY TRADED DISCLOSURE | 06/20/2012 | |
| PUBLICLY TRADED DISCLOSURE | 05/31/2011 | |
| PUBLICLY TRADED DISCLOSURE | 06/01/2010 | |
| PUBLICLY TRADED DISCLOSURE | 06/09/2009 | |
| PUBLICLY TRADED DISCLOSURE | 06/19/2008 | |
| PUBLICLY TRADED DISCLOSURE | 06/22/2007 | |
| PUBLICLY TRADED DISCLOSURE | 06/07/2006 | |
| PUBLICLY TRADED DISCLOSURE | 06/23/2005 | |
| PUBLICLY TRADED DISCLOSURE | 12/03/2004 | |
| PUBLICLY TRADED DISCLOSURE | 12/22/2003 | Image unavailable. Please request paper copy. |
| PUBLICLY TRADED DISCLOSURE | 12/05/2003 | Image unavailable. Please request paper copy. |
| PUBLICLY TRADED DISCLOSURE | 11/25/2003 | Image unavailable. Please request paper copy. |
| AMENDED REGISTRATION | 02/11/2000 | |
| AMENDED REGISTRATION | 07/23/1985 | |
| AMENDED REGISTRATION | 07/22/1969 | Image unavailable. Please request paper copy. |
| REGISTRATION | 11/24/1967 | Image unavailable. Please request paper copy. |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.

Exhibit E, Page 000068

- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

| Modify Search | New Search | Back to Search Results |

Exhibit E, Page 000069

---

**Business Record Details »**

---

Minnesota Business Name
## Target Corporation

| | |
|---|---|
| **Business Type** | **MN Statute** |
| Business Corporation (Domestic) | 302A |
| **File Number** | **Home Jurisdiction** |
| 11-AA | Minnesota |
| **Filing Date** | **Status** |
| 02/11/1902 | Active / In Good Standing |
| **Renewal Due Date** | **Registered Office Address** |
| 12/31/2020 | 1010 Dale St N |
| | St Paul, MN 55117–5603 |
| | USA |
| **Number of Shares** | **Registered Agent(s)** |
| 6,005,000,000 | C T Corporation System |
| **Chief Executive Officer** | **Principal Executive Office Address** |
| BRIAN C CORNELL | 1000 Nicollet Mall |
| 1000 Nicollet Mall | Mpls, MN 55403 |
| Mpls, MN 55403 | USA |
| USA | |

---

**Filing History**

## Filing History

Select the item(s) you would like to order:   [ Order Selected Copies ]

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 02/11/1902 | Original Filing - Business Corporation (Domestic) | |
| | 02/11/1902 | Business Corporation (Domestic) Business Name (Business Name: Goodfellow Dry Goods Co.) | |
| ☐ | 05/25/1903 | Business Corporation (Domestic) Business Name (Business Name: Dayton Dry Goods Co.) | |
| ☐ | 05/17/1911 | Business Corporation (Domestic) Business Name (Business Name: The Dayton Company) | |
| ☐ | 08/04/1915 | Business Corporation (Domestic) Change of Shares | |

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 02/04/1919 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 11/29/1922 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 07/25/1928 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 08/12/1931 | Business Corporation (Domestic) Duration | |
| ☐ | 02/16/1939 | Amendment - Business Corporation (Domestic) | |
| ☐ | 07/25/1939 | Amendment - Business Corporation (Domestic) | |
| ☐ | 03/18/1949 | Business Corporation (Domestic) Duration | |
| ☐ | 12/30/1950 | Consent to Use of Name - Business Corporation (Domestic) | |
| ☐ | 07/28/1955 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 12/31/1958 | Merger - Business Corporation (Domestic) | |
| | 12/31/1958 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 02/02/1959 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/30/1963 | Amendment - Business Corporation (Domestic) | |
| ☐ | 09/02/1964 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 03/02/1966 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 12/06/1966 | Amendment - Business Corporation (Domestic) | |
| ☐ | 01/27/1967 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 05/29/1967 | Consent to Use of Name - Business Corporation (Domestic) | |
| ☐ | 07/28/1967 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 09/06/1967 | Business Corporation (Domestic) Business Name (Business Name: Dayton Corporation) | |
| | 09/06/1967 | Registered Office and/or Agent - Business Corporation (Domestic) | |
| ☐ | 11/24/1967 | Merger - Business Corporation (Domestic) | |
| ☐ | 12/08/1967 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 05/07/1968 | Merger - Business Corporation (Domestic) | |
| ☐ | 02/13/1969 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 03/18/1969 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 05/22/1969 | Amendment - Business Corporation (Domestic) | |

Exhibit E, Page 000071

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 06/20/1969 | Business Corporation (Domestic) Business Name (Business Name: Dayton-Hudson Corporation) | |
| ☐ | 07/23/1970 | Amendment - Business Corporation (Domestic) | |
| ☐ | 06/16/1972 | Registered Office and/or Agent - Business Corporation (Domestic) | |
| ☐ | 01/04/1974 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/25/1975 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/25/1975 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/27/1976 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/27/1976 | Merger - Business Corporation (Domestic) | |
| ☐ | 02/01/1977 | Merger - Business Corporation (Domestic) | |
| ☐ | 05/24/1978 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 06/24/1982 | Business Corporation (Domestic) Active Status Report | |
| ☐ | 11/22/1982 | Merger - Business Corporation (Domestic) | |
| ☐ | 05/26/1983 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 04/19/1984 | Consent to Use of Name - Business Corporation (Domestic) | |
| ☐ | 05/31/1985 | Business Corporation (Domestic) Restated Articles | |
| | 05/31/1985 | Business Corporation (Domestic) Business Name (Business Name: Dayton Hudson Corporation) | |
| ☐ | 01/15/1986 | Merger - Business Corporation (Domestic) | |
| ☐ | 05/30/1986 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 09/23/1986 | Amendment - Business Corporation (Domestic) | |
| ☐ | 06/03/1987 | Amendment - Business Corporation (Domestic) | |
| ☐ | 05/25/1988 | Amendment - Business Corporation (Domestic) | |
| ☐ | 01/11/1990 | Business Corporation (Domestic) Other | |
| ☐ | 06/21/1996 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 09/12/1996 | Business Corporation (Domestic) Other | |
| ☐ | 09/18/1997 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/28/1998 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/10/1998 | Business Corporation (Domestic) Change of Shares | |

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 09/11/1998 | Business Corporation (Domestic) Other | |
| ☐ | 01/13/2000 | Business Corporation (Domestic) Business Name (Business Name: Target Corporation) | |
| | 01/13/2000 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/28/2000 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/28/2000 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/28/2000 | Consent to Use of Name - Business Corporation (Domestic) | |
| ☐ | 06/16/2000 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 11/17/2000 | Merger - Business Corporation (Domestic) | |
| ☐ | 09/18/2001 | Business Corporation (Domestic) Other | |
| ☐ | 02/21/2002 | Business Corporation (Domestic) Restated Articles | |
| | 02/21/2002 | Registered Office and/or Agent - Business Corporation (Domestic) | |
| ☐ | 12/23/2002 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/31/2003 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/20/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 06/14/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 08/31/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 10/27/2005 | Business Corporation (Domestic) Other | |
| ☐ | 10/28/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 10/28/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 11/09/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 11/22/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 07/13/2006 | Merger - Business Corporation (Domestic) | |
| ☐ | 05/24/2007 | Amendment - Business Corporation (Domestic) | |
| ☐ | 05/24/2007 | Business Corporation (Domestic) Other | |
| ☐ | 06/17/2008 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/27/2009 | Merger - Business Corporation (Domestic) | |
| ☐ | 06/10/2010 | Business Corporation (Domestic) Restated Articles | |

Business Filing Details

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 11/22/2010 | Merger - Business Corporation (Domestic) | |
| ☐ | 4/30/2015 | Merger Survivor - Business Corporation (Domestic) | 5/1/2015 12:01 AM |
| ☐ | 10/12/2015 | Merger Survivor - Business Corporation (Domestic) | 10/16/2015 12:01 AM |
| ☐ | 1/27/2016 | Merger Survivor - Business Corporation (Domestic) | 1/30/2016 11:59 PM |
| ☐ | 1/28/2016 | Merger Survivor - Business Corporation (Domestic) | 1/30/2016 11:59 PM |
| ☐ | 4/18/2016 | Registered Office and/or Agent - Business Corporation (Domestic) | |
| ☐ | 9/16/2016 | Registered Office and/or Agent - Business Corporation (Domestic) | |

© 2020 Office of the Minnesota Secretary of State - Terms & Conditions

✉ Subscribe for email updates!